J-S14031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHYKIR CREW, | : | |
| | : | |
| Appellant | : | No. 1979 EDA 2014 |

Appeal from the Judgment of Sentence entered on June 20, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0002711-2012

BEFORE: DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 09, 2015**

Shykir Crew ("Crew") appeals from the judgment of sentence entered following his conviction of robbery, aggravated assault, carrying a loaded firearm in Philadelphia, possession of a firearm by a minor, and possession of an instrument of crime.[1]  We affirm.

During the evening of June 23, 2011, Crew approached the victim, Eric Johnson ("Johnson"), who had just parked his vehicle on the 5300 block of Girard Avenue in Philadelphia.  From a distance of about two and one-half feet, Crew pointed a gun at Johnson's head and stated, "Give it up, old head."  Johnson recognized Crew as the son of his neighbor, Sakina Crew ("Ms. Crew").  Johnson tried to wrestle the gun from Crew.  Upon regaining control of the firearm, Crew shot Johnson and then fled.

_____

[1] 18 Pa.C.S.A. §§ 3701, 2702, 6108, 6110, 907.

At the hospital, Johnson identified the perpetrator as the teenage son of Ms. Crew. Johnson described his assailant as a 5'4" black male of about 130 pounds. Johnson told police that Crew lives at 5312 Poplar Street in Philadelphia. Later that day, Johnson positively identified Crew from photographs provided by police officers. Ultimately, Crew was arrested.

A jury subsequently convicted Crew of the above-described charges. The trial court sentenced Crew to an aggregate prison term of 16 years, 10 months, to 47 years. Crew filed a post-sentence Motion, which the trial court denied. Thereafter, Crew filed the instant timely appeal.

Crew presents the following claim for our review:

Was the evidence insufficient to find [Crew] guilty of the offense of aggravated assault as a first[-]degree felony because the *mens rea* element of this offense was not proved beyond a reasonable doubt?

Brief for Appellant at 2.

Crew challenges the sufficiency of the evidence underlying his conviction of aggravated assault as a first-degree felony. *Id.* at 6. Crew asserts that there was no showing that he acted intentionally, knowingly or recklessly, under circumstances manifesting an extreme indifference to the value of human life. *Id.* According to Crew, "the evidence showed that the incident was a robbery gone bad[,]" where the victim was shot once after an altercation over the gun. *Id.* Crew argues that, although the Commonwealth might have established the intent necessary for robbery, it did not prove the necessary intent to establish aggravated assault. *Id.*

- 2 -

We review a challenge to the sufficiency of the evidence under the following, well-settled standard of review:

> A claim challenging the sufficiency of the evidence presents a question of law. ***Commonwealth v. Widmer***, 560 Pa. 308, 744 A.2d 745, 751 (Pa. 2000). We must determine "whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt." ***Commonwealth v. Hughes***, 521 Pa. 423, 555 A.2d 1264, 1267 (Pa. 1989). We "must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict." ***Id.***

Our Supreme Court has instructed that

> the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Thomas***, 65 A.3d 939, 943 (Pa. Super. 2013) (citation omitted).

The Crimes Code defines the crime of aggravated assault as follows:

**(a) Offense defined.**—A person is guilty of aggravated assault if he:

> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

- 3 -

18 Pa.C.S.A. § 2702(a)(1).

In its Opinion, the trial court addressed Crew's claim and concluded that it lacks merit. Trial Court Opinion, 10/7/14, at 3-13. Upon review, we agree with the sound reasoning of the trial court, as expressed in its Opinion, and affirm on this basis. ***See id.***

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015