J. S48019/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CAMERON PHILLIP REIHNER | : | |
| Appellant | : | |
| | : | No. 1406 WDA 2015 |

Appeal from the Judgment of Sentence March 30, 2015
In the Court of Common Pleas of Washington County
Criminal Division No(s): CP-63-CR-0002613-2012

BEFORE: BOWES, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 07, 2016**

Appellant, Cameron Phillip Reihner, appeals from the Judgment of Sentence entered in the Washington County Court of Common Pleas following his jury trial and conviction of one count of Aggravated Assault—Causing Serious Bodily Injury, two counts of Aggravated Assault—Causing Bodily Injury with a Deadly Weapon, two counts of Simple Assault—Causing Bodily Injury, two counts of Simple Assault—Negligently Causing Bodily Injury with a Deadly Weapon, one count of Recklessly Endangering Another Person, and one count of Disorderly Conduct—Engage in Fighting. [1]  We affirm.

---

[1] 18 Pa.C.S. § 2702(a)(1), 18 Pa.C.S. § 2702(a)(4), 18 Pa.C.S. § 2701(a)(1), 18 Pa.C.S. § 2701(a)(2), 18 Pa.C.S. § 2705, 18 Pa.C.S. § 5503(a)(1), respectively.

The trial court set forth the facts as established at trial as follows:

> During the trial conducted January 13, 2014, through January 15, 2014, the jury heard evidence detailing that early in the morning on June 23, 2012, [Appellant] and his fellow actors, following a verbal altercation with Johathan Irizzary (hereinafter "Jonathan") and Stephen Irizzary (hereinafter "Stephen") at a Denny's restaurant in West Washington, Canton Township, followed Jonathan and Stephen to Jonathan's home in Houston, Pennsylvania. Witnesses identified [Appellant] as being the driver of a silver or gray car, and that another, darker colored car was following that car. [Appellant] and others confronted Jonathan and Stephen in front of the house, and Stephen followed the vehicles on foot around the block. Stephen approached the gray car and was then assaulted by an unknown member of the group with a baseball bat, and while attempting to come to his brother's aid, Jonathan was attacked by [Appellant] and other members of the group coming from the direction of the darker car—some (including [Appellant]) also wielding baseball bats. [Appellant] hit Jonathan in the face with the baseball bat. Jonathan began to bleed, and then asked [Appellant] to stop. [Appellant] and the others did not stop, but rather continued to strike Jonathan with baseball bats and kick him when he was on the ground, causing Jonathan to suffer serious injuries, including facial fractures, a fractured ankle, and partial loss of sight. Stephen suffered less severe injuries during his altercation, and refused medical treatment.

Trial Ct. Op., 1/26/16, at 7-8 (footnotes omitted).

Following Appellant's January 15, 2014 conviction, Appellant filed a Motion for Extraordinary Relief on November 5, 2014. The trial court denied the Motion on February 4, 2015. The trial court sentenced Appellant on March 30, 2015 to an aggregate term of eight and three-quarters years' to seventeen and a half years' incarceration.

On April 9, 2015, Appellant filed a Post-Sentence Motion for Arrest of Judgment and/or a New Trial and/or Modification of Sentence. The trial court denied the Motion on August 19, 2015. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In his sole issue on appeal, Appellant challenges the sufficiency of the evidence presented by the Commonwealth "to establish that [Appellant] was the actor, or an accomplice or co-conspirator of the actor(s), who committed any offense where Stephen Irizzary was the victim/complainant?" Appellant's Brief at 3. Appellant claims that, based on Commonwealth's evidence, it is as just as likely that Appellant participated in one assault committed by a single group of men acting in concert as it is that there were two separate independent assaults. *Id.* at 20. Under Appellant's alternate theory, he was only involved in the altercation with Jonathan Irizzary and, therefore, the convictions relating to Stephen Irizzary,[2] and predicated solely on accomplice liability, cannot stand. *Id.* at 20-21.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In

---

[2] Although not explicitly stated by Appellant, we infer from Appellant's Brief that he is referring to his conviction for Simple Assault, 18 Pa.C.S. § 2701(a)(1), and Recklessly Endangering Another Person, 18 Pa.C.S. § 2705.

applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014).

The Commonwealth pursued the charges against Appellant as they related to Stephen Irizzary under the theory of accomplice liability. A conviction based on accomplice liability requires the fact-finder to determine that "with the intent of promoting or facilitating the commission of the crime," Appellant "aid[ed] or agree[d] or attempt[ed] to aid" another person in planning or committing a crime. *See* 18 Pa.C.S. § 306(c). Accomplice liability can be proven by a showing of "the least degree of concert or collusion" between the accomplice and the principal. *Commonwealth v. Murphy*, 795 A.2d 1025, 1034 (Pa. Super. 2002).

For Appellant to be convicted of Simple Assault, Section 2701(a)(1) of the Crimes Code requires that the Commonwealth prove that Appellant

"attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury to another." 18 Pa.C.S. § 2701(a)(1). To be found guilty of Recklessly Endangering Another Person, the Commonwealth was required to prove that Appellant "engage[d] in conduct which place[d] or may [have placed] another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

With respect to Appellant's sufficiency of the evidence claims, the trial court opined as follows:

> At [Appellant's] trial, the witnesses stated that, following the altercation at Denny's, the same individuals, including [Appellant], followed them home in a sliver or gray car, with multiple witnesses identifying [Appellant] as being in that car with others, and at least one witness identified [Appellant] as the driver. Testimony showed that a second, darker colored car also followed the victims. When Stephen followed the silver car through the neighborhood, it pulled off the road, near where another car was waiting. Stephen was attacked by one of the occupants of the other, darker car, said attacker wielding a baseball bat as a weapon, and striking Stephen with that weapon. Jonathan then attempted to come to Stephen's aid, and before he reached his brother, he was attacked and severely beaten by [Appellant] and several other individuals, some of whom, including [Appellant], were also wielding baseball bats as weapons.
>
> Given the evidence provided at trial, it is patently reasonable to draw the inferences that one of the actors "attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury" to Stephen, that one of the actors "engage[d] in conduct which place[d]" Stephen "in danger of death or serious bodily injury," and that [Appellant], by driving at least some of the other actors to the victim's home, and his participation in the attack against Jonathan, (1) "promote[d] or facilitate[d] the commission of the crime," namely the assault and reckless

- 5 -

endangerment against Stephen, and (2) acted in "the least degree of concert or collusion" with the individual who actually attacked Stephen with a baseball bat. As such the evidence was sufficient to support [Appellant's] conviction of the charges, including those counts listing Stephen as the victim.

Trial Ct. Op. at 9-10 (footnotes omitted).

We agree with the trial court that the Commonwealth presented sufficient evidence to enable the jury to find every element of Simple Assault and Recklessly Endangering Another Person beyond a reasonable doubt,[3] and to convict Appellant based on the theory of accomplice liability. As recounted *supra*, the evidence adduced at trial indicates that Appellant, as either a passenger or the driver of the lighter colored vehicle, promoted or facilitated the commission of the crimes of Simple Assault and Reckless Endangerment against Stephen Irizzary, and that Appellant acted in concert or colluded with the person who attacked Stephen Irizzary with a baseball bat. Therefore, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2016

---

[3] In fact, Appellant concedes this point in his Brief. *See* Appellant's Brief at 18.