744 A.2d 745

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Barry WIDMER, Jr., Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 15, 1999.

Decided Jan. 20, 2000.

Barry Widmer, Jr., pro se.

Patrick L. Meehan, Dist. Atty., William R. Toal, III, Office of the District Attorney, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### OPINION OF THE COURT

CAPPY, Justice.

This appeal presents the question of whether the Superior Court erred in reversing the trial court's decision to grant a new trial on the basis that the verdict was against the weight of the evidence. Appellant challenges both the scope and standard of review utilized by the Superior Court. For the reasons that follow, we affirm the decision of the Superior Court.

A jury convicted appellant of rape and indecent assault on June 22, 1994. Appellant chose not to file post-trial motions and proceeded to sentencing on July 22, 1994. Following the imposition of sentence, an appeal was taken to the Superior Court in accordance with Pa.R.Crim.P.1410. In that appeal, appellant raised the claim that his conviction was against the weight of the evidence. Citing Pa.R.Crim.P. 1410(B)(1)(c) the Superior Court determined that the weight of the evidence claim had been waived because appellant had failed to provide the trial court with an opportunity to rule on the claim. *Commonwealth v. Widmer*, 446 Pa.Super. 408, 667 A.2d 215 (1995). However, in its opinion filed pursuant to Pa.R.A.P. 1925, the trial court stated that had the matter of weight of the evidence been raised in post-trial motions, a new trial would have been granted.

Our Court granted allocatur to address the effect of Pa. R.Crim.P.1410 (B)(1)(c) on appellant's weight of the evidence claim. In appellant's first appeal to this court we agreed with the Superior Court that because of its unique nature a weight claim must first be presented to the trial court. Nevertheless, we found the circumstances in appellant's case required consideration of the claim. Accordingly, the matter was remanded to the trial court to permit appellant to file a motion for new trial nunc pro tunc, challenging the weight of the evidence. *Commonwealth v. Widmer*, 547 Pa. 137, 689 A.2d 211 (1997).

Upon remand, a motion challenging the weight of the evidence was brought before the trial court. After a hearing on the motion, the trial court granted a new trial. The Superior Court reversed finding that the trial court had abused its discretion in granting the motion for a new trial on the weight of the evidence.[1]

This Court again granted the appellant's petition for allowance of appeal. The current appeal charges error by the Superior Court in reversing the trial court's decision to grant appellant's motion for a new trial on the grounds that the verdict was against the weight of the evidence.

A recitation of the facts is a necessary predicate to our resolution of this matter. As did the Superior Court, we adopt the following summarization of the facts:

> On the evening of July 29, 1993, Widmer and two friends, Rob Mullin and Edward Brown, went to the home of Widmer's uncle, Charles Cress, in Drexel Hill, Upper Darby Township, for the purpose of celebrating Widmer's twenty-first birthday. Among those present at Cress's home were David McAndrew, who also resided there, and McAndrew's girlfriend, Joanna McCusker. After about an hour of drinking, Widmer, Cress, Mullin, Brown and McAndrew went out to a bar to continue their celebration. They remained at

1. There was some procedural confusion regarding the timing of the order granting a new trial. The trial court's order was entered on the same day that the Delaware County Office of Judicial Support entered an order denying the motion for new trial by operation of law because the trial court had failed to rule upon the motion within 120 days of its filing. The trial court attempted to vacate the order of the Office of Judicial Support and reinstate its order granting a new trial. The Commonwealth appealed both orders by the trial court claiming that they were a nullity. The Superior Court, acknowledging the procedural difficulties presented by the trial court's failure to timely address the post-sentence motion, issued an order on November 10, 1997 which vacated both the trial court order and the Office of Judicial Support order denying the post-sentence motion; dismissed the Commonwealth's appeal without prejudice; reinstated the defendant's post-sentence motion challenging the weight of the evidence; and directed the trial court to rule upon the post-sentence motion within 30 days. This procedure having been complied with, the matter was then properly presented to the Superior Court on the issue of the weight of the evidence.

the bar for approximately three to three and one-half hours and, then, the group returned to the home of Cress and McAndrew. Widmer went upstairs to use the bathroom, and, after he had been gone for what seemed to be a long time, McAndrew went upstairs to check his whereabouts. Upon doing so, McAndrew found Widmer in McAndrew's bedroom engaged in sexual intercourse with McCusker. Widmer then left the house and McAndrew retrieved a handgun and followed him. Outside McAndrew threatened to kill Widmer, who, after pleading with McAndrew not to shoot him, left the scene with Mullin and Brown. At trial, Widmer testified that he and McCusker had engaged in consensual intercourse. McCusker, however, said that she had been sleeping and had awakened to find Widmer on top of her with his penis in her vagina. According to McAndrew, he entered his bedroom and found Widmer on top of McCusker, with McCusker hitting Widmer on the chest. Widmer had then rolled off McCusker onto the floor. He looked up at McAndrew and appeared to be scared. After Widmer had fled the room, McAndrew said that McCusker had been shaking and crying.

*Widmer,* 667 A.2d at 218–19.

The criminal conduct charged against appellant was rape of an unconscious person. 18 Pa.C.S. § 3121(3).[2] The issue at trial was consent. Ms. McCusker testified that she awakened to find appellant on top of her with his penis in her vagina. Appellant testified that the act of intercourse was consensual and that McCusker was a willing and active participant. The jury rendered a verdict against appellant.

The trial court set aside the verdict finding the weight of the evidence was clearly in the appellant's favor. In its opinion, the trial court focused on the credibility of Ms. McCusker in contrast to the credibility of appellant. The trial court found that the testimony of Ms. McCusker "was rife with uncertainty and doubt." The trial court found that Ms.

2. The charge of rape by forcible compulsion, 18 Pa.C.S. § 3121(1), was dismissed by the trial court at demur. (Notes of Testimony 6/22/94 p. 140).

McCusker failed to "testify with any modicum of conviction." (Opinion of the trial court 10/22/97 at p.8.). The trial court went on to note that Ms. McCusker offered no testimony that would indicate that physical force or restraint had been used or that she in any way opposed the sexual encounter physically or verbally. According to the trial court, "her testimony reveals an abundance of doubt and uncertainty regarding her own conduct and the events of that night." (Opinion of the trial court 10/22/97 at p.9).

In contrast, the trial court found appellant's testimony to be succinct and unrebutted by the testimony of Ms. McCusker. Appellant gave a detailed description of how he entered the bedroom and spoke to Ms. McCusker. According to appellant's testimony, Ms. McCusker, by her actions, invited and accepted his physical presence and indicated her consent to the sexual encounter. Rather than oppose appellant's advances, Ms. McCusker aided his effort at intercourse by taking his penis in her hand and directing it into her vagina.

The trial court concluded that the contrast between Ms. McCusker's uncertainty as to what occurred that evening and appellant's concise portrayal of their encounter was so startling that the verdict shocked its sense of justice, thus, compelling the grant of a new trial.

The Superior Court reviewed the trial court's stated reasons for the grant of a new trial and failed to find adequate support for those reasons in the record. The Superior Court concluded that the trial court's assessment of the weight to be afforded the testimony of Ms. McCusker displayed a clear disregard for the theory of the case. To find Ms. McCusker not credible because she could not recall what appellant said or did while she was sleeping was an abuse of discretion and a clear invasion of the exclusive domain of the jury.

■ Appellant challenges both the scope and standard of review applied by the Superior Court in reaching its conclusion that the trial court abused its discretion in awarding a new trial. The questions presented require this court to review the decision of the intermediate appellate court to

determine if the correct legal standard was applied in an assessment of the trial court's exercise of discretion. Considering the nature of the claims presented for review before this court, our standard of review is whether the Superior Court committed an error of law or an abuse of discretion. *Morrison v. Department of Public Welfare*, 538 Pa. 122, 646 A.2d 565 (1994).

Appellant first asserts that the Superior Court utilized an incorrect scope of review. Scope of review refers to the confines within which an appellate court must conduct its examination of a trial court decision. *Coker v. S.M. Flickinger Company, Inc.*, 533 Pa. 441, 625 A.2d 1181, 1186 (1993). In other words, it refers to *what* the appellate court is permitted to examine. *Morrison*, 646 A.2d at 570. The scope of review of a decision to grant a new trial is dictated by whether the trial court has set forth specific reasons for its decision or leaves open the possibility that reasons in addition to those stated support the award of a new trial. *Id.* Where the trial court leaves open the possibility that reasons exist to support its decision in addition to those actually stated, an appellate court will undertake a broad review of the entire record. However, where the trial court indicates that the reasons stated are the only basis for which it ordered a new trial, an appellate court must confine the scope of its review to the stated reasons. *Id.* This is not to say that the reviewing court looks only to the stated reasons in a vacuum. It is the obligation of the reviewing court to look at the entire record to determine if the trial court's stated reasons are supported therein. *Thompson v. City of Philadelphia*, 507 Pa. 592, 493 A.2d 669, 673 (1985).

Appellant asserts the Superior Court erred in limiting its scope of review to an examination of the finite reasons set forth in the trial court opinion granting a new trial. Appellant argues that where, as here, the trial court grants a new trial based upon its view that "the verdict shocked his sense of justice" then a broad scope of review applies. Appellant argues that the use of the emphasized phrase implies that

more than the stated reasons influenced the trial court decision to grant a new trial. Appellant's assertion is not convincing. The trial court in its opinion clearly enunciated the specific points that brought it to reach the conclusion that the jury's verdict represented an unreasonable resolution of the evidence so that "the verdict shocked his sense of justice" and a new trial was warranted. In other words the phrase appellant focuses upon is the trial court's conclusion, not an open invitation to the appellate court to broaden its scope of review. Contrary to appellant's assertion, the trial court's statement that the verdict shocked its sense of justice did not indicate that reasons other than those specified warranted the grant of a new trial. Thus, the Superior Court quite properly confined its scope of review to only those reasons provided by the trial court. *Morrison.*

■ Appellant's remaining claim of error is that the Superior Court misstated the standard of review for a weight of the evidence claim. The standard of review refers to *how* the reviewing court examines the question presented. *Morrison,* 646 A.2d at 570. Appellant asserts that the Superior Court improperly interjected sufficiency of the evidence principles into its analysis and thus adjudicated the trial court's exercise of discretion by an incorrect measure.

■ In order to address this claim we find it necessary to delineate the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence. The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, *Tibbs v. Florida,* 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); *Commonwealth v. Vogel,* 501 Pa. 314, 461 A.2d 604 (1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. *Id.*

 A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. *Commonwealth v. Karkaria,* 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. *Commonwealth v. Santana,* 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Chambers,* 528 Pa. 558, 599 A.2d 630 (1991).

 A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. *Commonwealth v. Whiteman,* 336 Pa.Super. 120, 485 A.2d 459 (1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. *Tibbs,* 457 U.S. at 38 n. 11, 102 S.Ct. 2211.[3] An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Brown,* 538 Pa. 410, 648 A.2d 1177 (1994). A new trial should not be granted because of a mere conflict in the testimony or because

**3.** In *Tibbs,* the United States Supreme Court found the following explanation of the critical distinction between a weight and sufficiency review noteworthy:

When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different.... The [trial] court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.
*Tibbs* 457 U.S. at 38 n. 11, 102 S.Ct. 2211 *quoting United States v. Lincoln,* 630 F.2d 1313 (Cir. 8 th 1980).

the judge on the same facts would have arrived at a different conclusion. *Thompson, supra.* A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.*

 Appellant is correct in asserting that the Superior Court misstated the standard of review by which the trial court was required to evaluate appellant's weight of the evidence claim. The Superior Court begins its statement of the standard of review by tracking the well-known language found in *Thompson,* however the court then interjects the following requirement:

In order to warrant the grant of a new trial the court must do more than merely assess the credibility of the witnesses. The judge must establish that the verdict was 'irreconcilably contradictory to incontrovertible facts, human experience of the laws of nature or based on mere conjecture.' *Commonwealth v. Thompson,* 538 Pa. 297, 648 A.2d 315 (1994).

Superior Court memo op. No. 5019 PHL 97 at p.7.

This quote from *Thompson* is directly attributable to this court's decision in *Commonwealth v. Santana,* 460 Pa. 482, 333 A.2d 876 (1975).[4] In *Santana* this court was reviewing the

4. The disputed language at issue is found in this court's opinion in *Commonwealth v. Thompson,* 648 A.2d at 324–25. It appears within the opinion as a verbatim quote from the opinion of the trial court wherein that court addressed Thompson's challenge to the weight of the evidence. It should be noted that the *Thompson* opinion did not endorse the quoted authority, but merely repeated it after setting forth the correct standard of review for a weight challenge as referenced in *Commonwealth v. Brown,* 538 Pa. 410, 648 A.2d 1177 (1994). Insofar as *Thompson* could be read to endorse such a standard it is overruled. To eliminate any future confusion we emphasize that this legal principle pertains only to a sufficiency claim and is not an appropriate consideration for a trial court when reviewing a challenge to the weight of the evidence.

sufficiency of the Commonwealth's circumstantial evidence, which was found wanting. In so concluding, the *Santana* court confirmed the following legal standard for reviewing sufficiency claims:

'It is settled law in Pennsylvania that testimony in conflict with the incontrovertible physical facts and contrary to human experience and the laws of nature must be rejected, . . .' *Colna v. Northern Metal Co.,* 242 F.2d 546, 549 (3 rd Cir.1957).

*Santana,* 333 A.2d at 878.

Clearly, the Superior Court improperly merged the standard of review for a weight of the evidence claim with the standard of review for a sufficiency of the evidence claim. As the reviewing court misstated the appropriate standard by which the trial court was to evaluate the weight claim, we cannot then accept the Superior Court's assessment of the trial court's exercise of discretion. In measuring the trial court's exercise of discretion by an incorrect standard the Superior Court has committed an error of law.

Normally where the reviewing court applies the incorrect legal standard our court will remand the matter with appropriate directions. However, given the fact that the parties in this case have already been through the appellate process twice, in the interest of justice we will review the question of whether the trial court abused its discretion in awarding a new trial on the grounds that the verdict was against the weight of the evidence.

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. *Brown,* 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. *Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545 (1976). One of the least assailable reasons for

granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. *Brown, supra.*

However, the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is not unfettered. The propriety of the exercise of discretion in such an instance may be assessed by the appellate process when it is apparent that there was an abuse of that discretion. *Commonwealth v. Powell,* 527 Pa. 288, 590 A.2d 1240, 1244 (1991). This court summarized the limits of discretion as follows:

> The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Coker,* 625 A.2d at 1185.

In this case, the trial judge determined that the facts as testified to by appellant were deserving of greater weight than the facts as set forth by Ms. McCusker. The trial court reached this conclusion by comparing the inability of Ms. McCusker to recall with any clarity what had occurred with the detailed testimony of appellant delineating precisely how it came about that his penis was physically inserted into Ms. McCusker's vagina. The trial court's assessment of the weight to be attributed to the testimony of Ms. McCusker and appellant is unsupported by the record. *Thompson, supra.*

In assessing the weight to be afforded a witness' testimony, it is important to consider the context within which the testimony relates. Appellant was convicted of rape of an

unconscious person. 18 Pa.C.S. § 3121(3). A person is unconscious for purposes of the statute when they lack the conscious awareness they would possess in the normal waking state. *Commonwealth v. Erney*, 548 Pa. 467, 698 A.2d 56, 58 (1997); *Commonwealth v. Price*, 420 Pa.Super. 256, 616 A.2d 681 (1992). A person assaulted while sleeping would be unable to recount with certainty events that occurred while she was asleep and simultaneous to her awakening. A sleeping person may be confused upon being awakened to encounter a stranger on top of her engaging in sexual intercourse. In those circumstances a witness would be unable to refute the testimony of her attacker regarding alleged conversation or actions that took place between the two of them while she was asleep. By finding the testimony of Ms. McCusker lacking in weight in contrast to the testimony of appellant, the trial court failed to properly consider the context from which that testimony sprang and the nature of the charges at issue. To find a serious injustice had occurred because appellant was better able to explain how he happened to engage in sexual intercourse with Ms. McCusker than she, ignores the context in which the act of intercourse occurred in this case.

▮ Discretion is abused where it is not exercised on a foundation of reason. *Coker*, 625 A.2d at 1185. The trial court's proffered reasons to support the grant of a new trial offer nothing more than its assessment of the credibility of the witnesses and lacks the necessary foundation for the required concomitant finding of a serious miscarriage of justice. *Tibbs*. In examining the record to determine if the proffered reasons are supported therein, we find that they are not. The charge at issue was rape of an unconscious person, to find that the testimony of the "unconscious" Ms. McCusker was of insufficient weight to support that charge because it was "rife with uncertainty and doubt" as to the events that occurred while she was "unconscious" constitutes an abuse of discretion.

Where a trial court offers nothing more than the assertion that on the same facts he would have arrived at a conclusion different from the verdict of the jury, a challenge to the weight of the evidence cannot be sustained. To permit such a

broad interpretation of discretion would result in adding each and every trial judge in the Commonwealth of Pennsylvania as the thirteenth juror in every case. Such an individualized definition of discretion cannot be countenanced. "[D]iscretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge." *Coker*, 625 A.2d at 1185. In this case, on the reasoning offered by the trial court, we find an abuse of discretion.

Accordingly, for the reasons as stated herein, we affirm the decision of the Superior Court.

Justice ZAPPALA concurs in the result.