J-S22017-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENDELL CHARLES FOSTER, | : | |
| | : | |
| Appellant | : | No. 1281 WDA 2014 |

Appeal from the Judgment of Sentence November 26, 2014
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0001224-2013

BEFORE: PANELLA, J., LAZARUS, J., and STRASSBURGER, J.*

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED: JUNE 05, 2015**

I agree with the Majority's conclusion that Appellant has failed to raise meritorious challenges to the sufficiency of the evidence to sustain his convictions for attempted homicide, aggravated assault, possession of an instrument of crime, and recklessly endangering another person.

I disagree with the Majority's determination that the evidence was insufficient to sustain Appellant's convictions for robbery and conspiracy to commit robbery. In so holding, the Majority relies upon the trial court's erroneous conclusion that, although the Commonwealth proved that Appellant had the intent to commit a robbery, it failed to show "a substantial step towards the commission of a theft or an overt act in furtherance of a

*Retired Senior Judge assigned to the Superior Court.

conspiracy to commit a robbery." Majority Memorandum at 9 (quoting Trial Court Opinion, 3/24/2014, at 13).

When one conspires to rob an apartment, breaking into that apartment undoubtedly is an overt act in furtherance of the conspiracy. *Commonwealth v. Sanchez*, 82 A.3d 943, 973 (Pa. 2013) ("The overt act need not accomplish the crime - it need only be in furtherance thereof. … In fact, no crime at all need be accomplished for the conspiracy to be committed."). Likewise, kicking in the front door of the target apartment and subduing its occupants is a substantial step toward the commission of the intended theft therein. *Commonwealth v. Thompson*, 648 A.2d 315, 319 (Pa. 1994), *overruled on other grounds by Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000) ("[A] robbery is complete upon commission or threat of violence, and does not depend upon the occurrence of a completed theft.").

The fact that events did not go as planned, and Appellant and his co-conspirators left the apartment without taking anything, does not render the crimes incomplete. *Commonwealth v. Sanchez*, 36 A.3d 24, 41-42 (Pa. 2011) ("That circumstances made it such that appellant and his accomplices failed to obtain and remove money (or other valuables) is irrelevant because proof of an attempted theft is sufficient to establish the 'in the course of committing a theft' element of robbery.").

Accordingly, I would affirm all of Appellant's convictions.