J-S95006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RANDY MARKLAND | |
| Appellant | No. 496 EDA 2016 |

Appeal from the Judgment of Sentence entered December 16, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0002544-2015

BEFORE:  STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                FILED MARCH 13, 2017

Appellant, Randy Markland, appeals from the judgment of sentence the Court of Common Pleas of Delaware County entered on December 16, 2015.  Appellant argues the trial court abused its discretion in denying his weight of the evidence challenge.  We disagree.  Accordingly, we affirm the judgment of sentence.

The trial court summarized the relevant factual background as follows:

On December 17, 2014, at approximately 9:30 a.m., the victim in this matter, Betty Brant, was at her apartment [] along with her two (2) boys, ages 4 and 5 as well as her 16-year-old daughter by the name of [K.S.].  The victim, Ms. Brant, the aforementioned children and a fourth child, who was not present at the time, are the sole occupants of the apartment.  [] Appellant is the father of the two (2) boys and the victim had a relationship with Appellant for approximately six (6) years although they never lived together.

On the aforementioned date and time, [] Appellant barged through the side door of her home[,] which lead[s] to the

kitchen[,] yelling, using profanit[ies] and pointing his hands in the victim's face[,] telling her how he was going to kill her because of her taking him to court for child support. Appellant was poking his hands on her forehead. He then proceeded to the kitchen and grabbed a knife out of the dish rack and came toward her face with the knife pointing the blade straight at her face. [K.S.] was able to step between [] Appellant and the victim and knock the knife out of his hand. [] Appellant then proceeded to pick up a statue figurine [] and threw it at the victim striking her in the left leg. He also kicked her in her chest. He subsequently picked up a large decorative kitchen glass jar containing olives and oil and likewise threw that at the victim, breaking the thick glass jar.

According to the victim, [Appellant] never resided at that home[,] did not have a key[,] and was not invited to come that day. [] Appellant also mentioned to the victim how she deserved to be dead and referenced a lady that was recently in the news who was murdered. The victim's daughter went outside to a neighbor's house yelling for help. At some point [] Appellant left and the neighbor came over and the victim called the police, who responded in a few minutes. The victim was pregnant at the time of the aforementioned attack. She was subsequently taken to the hospital where she was treated and released. She is a certified nursing assistant and was unable to work for "awhile."

[] Appellant subsequently testified that he was invited into the victim's home that day and that he had a key that she had given to him. The testimony was refuted by the victim.

Trial Court Opinion, 6/1/16, at 1-3 (citations to the record omitted).

On November 10-12, 2015, following a bench trial, the trial court found Appellant guilty of simple assault (two counts), recklessly endangering another person, criminal trespass, terroristic threats, and harassment.[1] On

---

[1] 18 Pa.C.S.A. §§ 2701, 2705, 3503, 2706, and 2709, respectively.

December 12, 2015, the trial court sentenced Appellant, *inter alia*, to an aggregate sentence of one to two years at a state correctional institution, followed by four years of probation. Appellant timely filed a motion raising a weight of the evidence claim. On January 14, 2016, the trial court denied the motion. This appeal followed.

As noted, on appeal, Appellant argues the trial court abused its discretion in denying his weight of the evidence challenge.[2] The contention can be summarized as follows: "In the present case, the conflicting testimony of the eyewitness coupled with lack of physical or forensic testimony was such that the conviction[s] [were] shocking to the conscience." Appellant's Brief at 7. For the reasons stated below, we conclude Appellant is entitled to no relief.

_____

[2] In **Commonwealth v. Widmer**, 744 A.2d 745 (Pa. 2000), our Supreme Court explained:

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

**Id.** at 751-52 (internal citations and quotation marks omitted).

- 3 -

Regarding the alleged conflicting testimony, Appellant fails to recognize that, under our standard of review, we do not weigh or reweigh the evidence, and we do not resolve conflicts in witnesses' testimony. That is the role of the trial court or the jury.[3] *See*, *e.g.*, *Commonwealth v. Alicia*, 92 A.3d 753, 761 (Pa. 2014); *Commonwealth v. Horne*, 89 A.3d 277, 286 (Pa. Super. 2014); *Commonwealth v. Serrano*, 61 A3d 279, 289 (Pa. Super. 2013). On appeal, our role is to determine whether the trial court abused its discretion in denying the challenge. *See*, *e.g.*, *Commonwealth v. Clay*, 64 A.3d 1049, 1054-55 (Pa. 2013).

Regarding the alleged lack of evidence, Appellant suggests that the Commonwealth offered no evidence or that the evidence offered by the Commonwealth must be discounted because it was not credible. The claim, however, as articulated, is baseless and meritless. A review of the record, as recounted by the trial court, *see* Trial Court Opinion, 6/1/16, at 1-3, 7-13, reveals the Commonwealth presented evidence sufficient to prove all elements of all crimes[4] and that the trial court, sitting as factfinder, credited the Commonwealth's witnesses version of the facts, but not Appellant's. We are bound by that credibility assessment. "The trier of fact while passing

---

[3] As noted above, the trial court was sitting as factfinder in the instant case.

[4] A challenge to the weight of the evidence "concedes that there is sufficient evidence to sustain the verdict." *Widmer*, 744 A.2d at 751 (citation omitted).

upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Feese***, 79 A.3d 1101, 1122 (Pa. Super. 2013).

In light of the foregoing, we conclude the trial court did not abuse its discretion in denying Appellant's weight of the evidence challenge.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2017