**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTWON A. STEELE | : | |
| | : | |
| Appellant | : | No. 425 MDA 2018 |

Appeal from the Judgment of Sentence January 3, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002364-2016

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 16, 2019**

Appellant, Antwon Steele, appeals from the January 3, 2018 Judgment of Sentence entered in the Luzerne County Court of Common Pleas, following his conviction after a bench trial of Persons Not to Possess Firearms, Carrying a Firearm Without a License, and Discharge of a Firearm into an Occupied Structure.[1] He challenges the sufficiency and weight of the evidence. After careful review, we affirm.

We summarize the following relevant facts as gleaned from the certified record and the trial court's Opinion. On April 26, 2016, reports of shots fired at the Sherman Hills housing complex in Wilkes-Barre prompted several patrol officers to respond to the area. Officers Verkekal, Majikes, and Lada arrived

_____

[1] 18 Pa.C.S. §§ 6105, 6106, 2707.1 respectively.

and encountered Appellant as he exited Building 312 of the apartment complex. Appellant provided his name and stated that he was out on bail, and uninvolved in any criminal activity.

The responding officers later reviewed surveillance footage of Sherman Hills that recorded a man, whom the officers recognized as Appellant, firing into Building 316. Using the video footage as a guide, the officers recovered a bullet casing at the location from which Appellant fired a gun and a bullet fragment in the windowsill of Building 316, Apartment 325.

The investigating officers apprehended Appellant based on the GPS coordinates of his ankle monitor provided by his bail agency. On August 23, 2016, the Commonwealth charged Appellant with one count each of Persons Not to Possess Firearms, Carrying a Firearm Without a License, and Discharge of a Firearm into an Occupied Structure.

On November 21, 2017, at Appellant's bench trial, the court reviewed the surveillance video of Sherman Hills and heard the testimony of Officer James Verdekal identifying Appellant as the man captured on the video. *See* N.T. Trial, 11/21/17, at 21, 24. The footage showed Appellant run into Building 312 after he fired shots, and exit building 312 approximately sixteen minutes later, at which point he encountered the responding officers. Trial Ct. Op., filed 7/27/18, at 4-5. The court also admitted Appellant's GPS coordinates at the time of the incident, provided by his bail agency, and Officer Verdekal testified that the coordinate printouts correlated to the movements of the man shown

on the surveillance footage. N.T. Trial, at 33-34. The court confirmed that the coordinates demonstrated that Appellant stood on the corner from which shots were fired at the "exact time" of the shooting. Trial Ct. Op. at 4-5.

On November 21, 2017, the court convicted Appellant of all counts. On January 3, 2018, the court sentenced him to forty-eight to ninety-six months' imprisonment for the Persons Not to Possess Firearms conviction, forty-two to eight-six months' imprisonment for the Discharge of a Firearm into an Occupied Structure conviction, and thirty to sixty months' imprisonment for the Possession of a Firearm without a License conviction. The court ordered each of these sentences to run consecutive to one another. Thus, Appellant received an aggregate sentence of ten to twenty years' imprisonment.

Appellant timely filed a Post-Sentence Motion challenging the sufficiency and weight of the evidence presented at trial. The court denied this motion on February 6, 2018.

Appellant timely appealed. Appellant and the trial court both complied with Pa.R.A.P. 1925.

Appellant raises two issues for our review:

1. Whether the Trial Court erred in denying Appellant's Post-Sentence Motions requesting a judgment of acquittal due to the insufficiency of the evidence presented at trial.

2. Whether the Trial Court erred in denying Appellant's Post-Sentence Motions requesting a new trial as the verdict was against the weight of the evidence.

Appellant's Br. at 6.

**Sufficiency of the Evidence**

In his first issue, Appellant challenges the sufficiency of the evidence supporting his convictions. "A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "[O]ur standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Hutchinson***, 164 A.3d 494, 497 (Pa. Super. 2017) (citation omitted).

In reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." ***Commonwealth v. May***, 887 A.2d 750, 753 (Pa. 2005) (citation omitted).

"Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller****,* 172 A.3d 632, 640 (Pa. Super. 2017) (citation omitted). "In conducting [its] review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id*** (citation omitted).

The Crimes Code defines Discharge of a Firearm into an Occupied Structure as "knowingly, intentionally or recklessly discharg[ing] a firearm from any location into an occupied structure." 18 Pa.C.S. § 2707.1(a).

Under the Uniform Firearms Act, Pennsylvania prohibits possession of firearms when a person has been convicted of an offense under The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent statute of any other state, that may be punishable by a term of imprisonment exceeding two years. 18 Pa.C.S. § 6105(c)(2).

The Uniform Firearms Act also provides that a person who carries a firearm "without a valid and lawfully issued license" unless it is "in his place of abode or fixed place of business" commits a third-degree felony. 18 Pa.C.S. § 6106(a)(1).

Appellant contends that there was insufficient evidence to establish that he possessed a firearm. Appellant's Br. at 17. He avers that the court's determination that he possessed a firearm was "based solely on conjecture and speculation" because the video evidence was "unclear and pixilated," Appellant did not flee the scene, the officers did not recover a weapon, and the officers did not perform a gun-shot-residue test on Appellant when they apprehended him. *Id*. at 18-19.

Following our review of the record, in the light most favorable to the Commonwealth as the verdict winner, we conclude that the evidence was sufficient to support the trial court's determination that Appellant possessed a

firearm, which he fired into Building 316 of the Sherman Hills housing complex. Appellant points to absences in the evidence presented (the lack of a recovered weapon and lack of a gunshot residue test), but this Court must review the sufficiency of "all evidence actually received." **Commonwealth v. Patterson**, 180 A.3d 1217, 1230 (Pa. Super. 2018). **See e.g., Commonwealth v. Johnson**, 180 A.3d 474, 478 (Pa. Super. 2018), *appeal denied*, 205 A.3d 315 (Pa. 2019) (holding that the appellant's attempts to enhance his argument by asserting that the Commonwealth failed to present any corroborating evidence to support a victim's in-court identification testimony did not establish that the identity evidence was insufficient). Here, the absences to which Appellant points do not affect the sufficiency of the evidence actually received.

The video evidence presented to the court and Officer Verdekal's testimony regarding the video and GPS coordinates were sufficient to support the convictions, including the element of possession challenged by Appellant. The trial court found that the surveillance video of Appellant corresponded to his ankle monitor's GPS coordinates, confirming his identification as the perpetrator of the crime. That footage recorded Appellant firing shots into Building 316 and his encounter with officers roughly a quarter of an hour later. The video footage was clear such that Officer Verdekal and his fellow officers "were able to observe where he was firing into and observe that the window was struck, Building 316, Apartment 325." N.T. Trial, at 29.

Appellant's challenge to the sufficiency of evidence supporting his convictions lacks merit, and he is not entitled to relief. To the extent that Appellant argues that Officer Verdekal's testimony was unreliable, he conflates his sufficiency argument with his weight claim, which we address next. *Commonwealth v. Thomas*, 194 A.3d 159, 167 (Pa. Super. 2018).

**Weight of the Evidence**

In his second issue, Appellant challenges the weight of the evidence. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and citation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000).

Where the trial court has denied the weight claim, this Court does not consider the underlying question of whether the verdict is against the weight of the evidence, but rather limits our determination to whether the trial court abused its discretion in ruling on the weight claim. *Talbert*, *supra* at 545-46. Moreover, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* at 546 (citation and quotation marks omitted).

A weight of evidence challenge "concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." ***Commonwealth v. Thompson***, 106 A.3d 742, 758 (Pa. Super. 2014) (citation and quotation marks omitted). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. ***Commonwealth v. Widmer***, 744 A.2d 745, 751 n.3 (Pa. 2000).

Appellant argues that the trial court "did not properly weigh" the evidence when it found credible Officer Verdekal's testimony identifying Appellant as the man shown in surveillance footage firing into Building 316. Instead, Appellant contends that the trial court should have given more weight to the fact that police never located the weapon, Appellant's lack of weapon when officers' frisked him sixteen minutes after the shooting, the fact that Appellant did not flee the scene, and additional video showing a different man (with identifiably different clothing) in possession of a firearm at Sherman Hills around the time of the shooting. Appellant's Br. at 23-24.

After a thorough review of the certified record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned Opinion of the Honorable David W. Lupas, we conclude that there is no merit to Appellant's challenge to the weight of the evidence. The trial court carefully evaluated the

record and the evidence in reviewing Appellant's weight claim. **See** Trial Ct. Op. at 22-28.

Additionally, Appellant essentially asks this Court to reassess the credibility of the Commonwealth's witnesses and to reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record shows that the evidence is not tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence as to shock the Court's conscience.

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/16/2019