J-S05009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PRECIOUS CASH | : | |
| | : | |
| Appellant | : | No. 761 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 16, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008447-2020

BEFORE: PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:         **FILED: March 15, 2024**

Precious Cash appeals from the judgment of sentence imposed for her convictions for simple assault and harassment.[1] Cash argues that her convictions are against the weight of the evidence. We affirm.

On April 28, 2020, Ciara Spano received a call from a friend, Shawn.[2] Shawn asked Spano to drive him to Cash's residence to pick up some belongings. Spano stayed in the car while Shawn went in the house. At some point, Cash came outside and started to write down Spano's license plate

---

[1] 18 Pa.C.S. §§ 2701(a)(1) and 2709(a)(1), respectively.

[2] Shawn's last name is not contained within the record provided to this Court.

number. At that point, Spano and Cash got into a verbal altercation. Spano left after police arrived and was told by the police to leave.[3]

Either later that day or the next day, Bevis Dawson called Spano.[4] Dawson asked Spano to come over; Dawson sent Spano her address. Spano drove to the location provided by Dawson. Dawson got into Spano's car, and they talked. Dawson told Spano that Cash was there, and they should talk. Although Spano tried to calm the situation down, trouble started immediately.

Spano walked with Dawson over to Cash. Spano told Cash, "I don't have a problem with you," but Cash tried to punch Spano. N.T. Trial, 5/16/23, at 11. Spano stepped back to avoid Cash's swing, however, someone else grabbed her and threw her to the ground. While on the ground, Spano was punched, kicked, and dragged by her hair. She heard someone yell, "Precious, kick her in the face, kick her in the face." *Id.* at 12. Spano then saw Cash running at her and covered her face. She felt someone kicking her.

A bystander broke up the fight and got Spano back to her car. Spano drove away, pulled over, and called the police. Police came, interviewed Spano, and took pictures of her injuries. Spano then drove herself to the hospital.

---

[3] Spano testified that she believed Cash called the police.

[4] Dawson was described as Spano's friend and Cash's sister.

The case proceeded to a bench trial on May 16, 2023. During trial, Cash entered Spano's medical records into evidence. The certified record forwarded to this Court was supplemented with a redacted copy of those medical records. The relevant portion reads:

> Shunt was seen in emergency room at 8:30 PM. This is a (redacted section) stated she was assaulted by 2 guys she was robbed and hit on the face hit and head and neck and he apparently the ball the police was notified she was brought to the emergency room by ambulance patient denies any nausea vomiting loss of consciousness fever chills or sweats.

Supplemental Record, Medical Records of Spano, at 7.[5] When questioned about this record, Spano denied telling hospital staff that she was assaulted by two men. She testified that she told them she had driven herself to the hospital. The trial court found the records unreliable and found Spano credible.

Consequently, the trial court convicted Cash of simple assault and harassment. Proceeding immediately into sentencing, the trial court imposed two years' probation for simple assault and no further penalty for harassment. Cash timely appealed.[6]

Cash presents one issue for our review:

> Whether the [t]rial [c]ourt abused its discretion in denying Ms. Cash's post-sentence motion for a new trial based on the weight

---

[5] This is an exact quote from the medical records provided to this Court. We recognize the grammatical errors and inaccuracies within the statement.

[6] Cash complied with the trial court's order of June 29, 2023, to file a 1925(b) statement of errors complained of on appeal. She filed her statement on July 20, 2023. **See** Pa.R.A.P. 1925(b).

of the evidence, where the [c]omplainant explained that the offenses were committed by two men and not Ms. Cash?

Appellant's Brief, at 4.

"A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Houser*, 18 A.3d 1128, 1135 (Pa. 2011). We review the trial court's exercise of that discretion; we do not review whether the verdict was against the weight of the evidence. *See id.* "[T]his Court is precluded from reweighing the evidence and substituting our credibility determination for that of the fact-finder." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014). "In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscious of the court." *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa. Super. 2015) (internal quotation marks and citations omitted). "The weight given to trial evidence is a choice for the factfinder." *Commonwealth v. Banniger*, 303 A.3d 1085, 1095 (Pa. Super. 2023) (quoting *Commonwealth v. Arnold*, 284 A.3d 1262, 1277 (Pa. Super. 2022)). The same standard applies to both jury trials and bench trials. *See id.*

Cash argues that the trial court abused its discretion in denying her weight of the evidence claim because there were other people around Spano

while she was being attacked, Spano had her face covered at times and could not see who was attacking her, and the hospital records indicate that Spano stated "she was assaulted by 2 guys she was robbed and hit on the face and head and neck." ***See*** Appellant's Brief, at 11.

The trial court addressed all of Cash's claims. ***See*** Trial Court's Opinion, 10/18/23, at 3-4. The trial court found Spano credible. ***Id.*** The trial court noted the inaccuracies of the medical records, specifically the inaccuracies within the same portion relied upon by Cash. ***Id.*** at 4. The trial court found Spano credible when she stated she drove herself to the hospital and did not arrive by ambulance. ***Id.*** Cash is essentially asking this Court to reassess the credibility of Spano and find the medical records more persuasive than the Spano's testimony. We simply cannot substitute our credibility determinations for that of the trial court, nor can we reweigh the evidence. ***See Thompson***, 106 A.3d at 758. Based upon its review and assessment of the evidence, the trial court did not abuse its discretion in denying Cash's weight of the evidence claim.

Judgment of Sentence Affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/15/2024