J-S25024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERTO BATTLE | : | |
| | : | |
| Appellant | : | No. 1094 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 31, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004590-2017

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:          **FILED: JUNE 25, 2020**

Appellant, Roberto Battle, appeals from the Judgment of Sentence entered after a jury convicted him of First-Degree Murder and Criminal Conspiracy.[1] He challenges the sufficiency of the evidence to support each conviction. After careful review, we affirm.

We derive the following factual and procedural history from the trial court's Opinion and the certified record. On the evening of October 12, 2013, co-defendant David Nealy drove Appellant to Outsiders Bar in Wilkes-Barre, Pennsylvania, in a silver Mercedes Benz sedan ("the sedan"). Earlier that weekend, Nealy had introduced Appellant to an Outsiders Bar security person as his "shooter."

---

[1] 18 Pa.C.S. §§ 2502(a) and 903(a)(1), respectively.

In the early morning of October 13th, security removed Appellant from the bar for fighting with another patron. Soon after, security manager Prince Rodriguez saw Appellant sitting on the hood of the sedan.

Nealy left the bar a short time later and drove Appellant to Shakim Varick's house, where Appellant retrieved a handgun loaded with Hornady Zombie 9mm ammunition. The pair then drove back toward Outsiders Bar and, as they passed the bar, Appellant fired the handgun several times out of the front passenger's window toward a group of bar security personnel and patrons.

One of the gunshots hit and killed Michael Onley ("the Victim"), a bar patron. Two members of bar security, Rodriguez and Dalair Edwards, heard the gunshots and saw muzzle flashes coming from a passing silver sedan. Rodriguez identified the vehicle as the sedan he saw Appellant sitting on earlier in the evening.

Immediately following the shooting, Nealy drove Appellant to Appellant's friend's house. Referring to Outsiders Bar, Appellant told a group at the house that he "shot the place up." The pair then drove back to Varick's house, where Appellant told Varick that he and Nealy "did a drive-by" with Varick's gun.

Police recovered nine Hornady Zombie 9mm shell casings from the road outside the bar and confirmed that a Hornady Zombie 9mm bullet killed the Victim. They also found gunshot residue in the area of the sedan's front passenger seat.

Police arrested Appellant and Nealy and charged them with the above crimes. A joint jury trial commenced on December 11, 2018. Relevantly, Dr. Gary Ross, a forensic pathologist, testified that the Victim died as a result of the gunshot wound to the head. N.T. Trial, 12/13/18, at 376. Co-defendant Nealy also testified and admitted to driving the sedan past Outsiders Bar as Appellant fired a gun out the window. N.T. Trial, 12/14/18, at 551-53.

On December 17, 2018, the jury found both defendants guilty of all charged offenses. On January 31, 2019, the court sentenced Appellant to a mandatory life sentence for the First-Degree Murder conviction and a consecutive sentence of 240 to 480 months' imprisonment for the Conspiracy conviction.

Appellant filed a Post-Sentence Motion on February 5, 2019, which the court summarily denied on June 4, 2019. Appellant timely filed a Notice of Appeal and both the court and Appellant complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

1. Whether the Commonwealth failed to prove by sufficient evidence that [] Appellant committed the crime of First-Degree Murder.

2. Whether the Commonwealth failed to prove by sufficient evidence that [] Appellant committed the crime of Criminal Conspiracy to Commit Murder in the First Degree.

Appellant's Br. at 1.

Appellant challenges the sufficiency of the Commonwealth's evidence to support both of his convictions.[2] "A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). We review a sufficiency challenge *de novo*, and our scope of review is limited to the evidence of record and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as verdict winner. ***Commonwealth v. Rushing***, 99 A.3d 416, 420-21 (Pa. 2014).

The evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt. ***Commonwealth v. Sebolka***, 205 A.3d 329, 337 (Pa. Super. 2019). The Commonwealth may sustain its burden by means of wholly circumstantial evidence. ***Id.*** "Significantly, we may not substitute our judgment for that of the factfinder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of [an appellant's] crimes beyond a reasonable doubt, the appellant's convictions will be upheld." ***Id.*** (citation omitted).

---

[2] Although Appellant presents two issues for review, he addresses the issues together in a single argument. The Rules of Appellate Procedure provide that "the argument should be divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Notwithstanding this structural deficiency, we choose to address the merits of Appellant's issues because the deficiency does not hamper our review. ***See*** Pa.R.A.P. 2101 ("if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter **may** be quashed or dismissed") (emphasis added).

In his first issue, Appellant challenges the sufficiency of the evidence to support his First-Degree Murder conviction, alleging that the Commonwealth failed to present sufficient evidence to prove that he "fired the weapon utilized to kill the [V]ictim and that he possessed the specific intent to kill the [V]ictim . . . [T]he record is lacking any evidence proving that this action was premeditated or planned in any way by [] Appellant."[3] Appellant's Br. at 7.

First-Degree Murder is a "willful, deliberate[,] and premeditated killing," *i.e.*, a killing committed with the specific intent to kill. 18 Pa.C.S. § 2502(a), (d); *Commonwealth v. O'Searo*, 352 A.2d 30, 35 (Pa. 1976). In order to sustain a First-Degree Murder conviction, the Commonwealth's evidence must establish that the defendant: (1) killed a human being victim; (2) caused the victim's death; and (3) acted with malice and the specific intent to kill. *Commonwealth v. Poplawski*, 130 A.3d 697, 709 (Pa. Super. 2015).

The jury may infer the intent to kill based on the use of a deadly weapon on a vital part of the victim's body. *Id.* at 709. *See also Commonwealth v. Washington*, 927 A.2d 586, 607 (Pa. 2007) (observing that "the critical inquiry is the **use** of a deadly weapon on a vital part of the body, not the

_____

[3] We note that in his brief to this Court, the entirety of Appellant's sufficiency argument comprises a single paragraph. Appellant's Br. at 7. Appellant devotes the remainder of his argument to recounting the evidence at trial in the light most favorable to him. *Id.* at 7-11. In essence, Appellant would like this Court to reweigh the admitted evidence to find in his favor. It is well settled that we will not reweigh the evidence and substitute our judgment for that of the factfinder. *Sebolka*, 205 A.3d at 337.

intentional aiming of the weapon at a vital part of the body.") (internal citation omitted and emphasis in original).

Viewed in the light most favorable to the Commonwealth as verdict winner, we conclude that the evidence was sufficient for the jury to convict Appellant of First-Degree Murder. The evidence found credible by the jury established that (1) the Victim died as a result of the gunshot wound. N.T. Trial, 12/13/18, at 376; (2) Appellant fired the bullet that killed the Victim. N.T. Trial, 12/14/18, at 551-54, 564, 595, 604-05; and (3) Appellant possessed the specific intent to kill as he used a deadly weapon to shoot the Victim in the head, a vital part of his body. N.T. Trial, 12/13/18, at 375-77. Appellant is, therefore, not entitled to relief on this sufficiency claim.

Appellant also challenges the sufficiency of the evidence to sustain his conviction for Criminal Conspiracy. Appellant asserts that "the record is void of any proof that there was any shared criminal intent to shoot and kill the [V]ictim in this case."[4] Appellant's Br. at 7.

To sustain a conviction for Criminal Conspiracy, the Commonwealth's evidence must be sufficient for the jury to find that the defendant (1) intended to commit or aid in the commission of a criminal act; (2) entered into an agreement with another; and (3) at least one of the co-conspirators

---

[4] As with his earlier sufficiency challenge, *supra*, Appellant veils a challenge to the weight of the evidence as a challenge to the sufficiency of the evidence. Outside of this single quoted sentence, Appellant provides no argument regarding the **sufficiency** of the evidence to convict him of conspiracy. Rather, again, Appellant's argument goes to the weight of the evidence and we decline to reweigh the evidence. **See Sebolka**, 105 A.3d at 337.

committed an overt act in furtherance of the agreed-upon crime. 18 Pa.C.S. § 903(a); ***Commonwealth v. Montalvo***, 956 A.2d 926, 932 (Pa. 2008).

The circumstances relevant to prove a corrupt confederation include an association between the alleged conspirators, knowledge of the commission of the crime, presence at the scene of the crime, and participation in the object of the crime. ***Commonwealth v. Jordan***, 212 A.3d 91, 97 (Pa. Super. 2019). "The presence of such circumstances may furnish a web of evidence linking an accused to the alleged conspiracy beyond a reasonable doubt when viewed in conjunction with each other and in the context in which they occurred." ***Id.*** (citation omitted).

Viewed in the light most favorable to the Commonwealth, we conclude that the evidence was sufficient for the jury to convict Appellant of Criminal Conspiracy. The evidence found credible by the jury established that (1) Appellant acted with the specific intent to commit murder. N.T. Trial, 12/13/18, at 375-77; (2) Appellant and Nealy entered into an implicit agreement by acting in concert to kill the Victim, Appellant as the "shooter" and Nealy as his driver. N.T. Trial, 12/11/18, at 57; 12/14/18, at 551-53; and (3) the pair committed an overt act by killing the Victim. N.T. Trial, 12/13/18, at 376. Accordingly, Appellant is not entitled to relief.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/25/2020