J-A29013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QAADIR WADOOD WOOD | : | |
| | : | |
| Appellant | : | No. 665 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 13, 2020
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-MD-0000163-2020

BEFORE: DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED: NOVEMBER 6, 2020**

Appellant Qaadir Wadood Wood appeals from the Judgment of Sentence imposed after the Cumberland County Court of Common Pleas found him guilty of Indirect Criminal Contempt[1] for violating a Protection from Abuse ("PFA") Order. He challenges the weight of the evidence supporting the conviction. After careful review, we affirm.

We glean the following factual and procedural history from the Pa.R.A.P. 1925(a) Opinion filed by the Hon. Christylee L. Peck. On March 7, 2018, the court entered a PFA Order prohibiting Appellant from contacting Anela Saric, except for "'peaceful, non-abusive, non-harassing, non-threatening communications concerning their 'child's well-being.'" Tr. Ct. Op., 6/24/2020,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 23 Pa.C.S. § 6114(a).

at 2-3 (quoting PFA Order). The PFA order had an expiration date of June 14, 2020.

On February 22, 2020, Appellant called Ms. Saric and, after an argument ensued, Ms. Saric hung up. When Ms. Saric called later in the day regarding their child, the discussion escalated, and Appellant told her he had a gun, and then threatened to go to a barbershop near Ms. Saric's home and shoot a man he suspected was Ms. Saric's boyfriend. Later that day, Ms. Saric received a cell phone text message from Appellant's phone stating that Appellant and his wife, Donna Wood, were outside Ms. Saric's house: "I'm outside wit it rn, [wife] too . . . smoke!? We on factory." *Id*. at 4 n.21 (quoting verbatim from Comm. Exh. 2).[2] "Notwithstanding that she had felt threatened on the phone, [Ms. Saric] answered a call from [Appellant] almost immediately thereafter, and she did not report these events initially to the police." *Tr. Ct. Op.* at 4.

Four days later, on February 26, 2020, Appellant called Ms. Saric and threatened to shoot her. When Ms. Saric saw Appellant drive past her house soon after that call, she called the police. Police officers arrested Appellant on February 28, 2020. The Commonwealth charged Appellant with indirect criminal contempt.

---

[2] Ms. Saric lived on B Street near Factory Street. She testified that she understood the text message to mean that Appellant and his wife wanted to fight. N.T. at 7.

A bench trial ensued, at which Ms. Saric and Ms. Wood testified.[3] Ms. Saric testified regarding the threatening phone calls and text message with Appellant. *See* N.T., 3/13/2020, at 7-10.

Ms. Wood testified that the phone Appellant used belonged to her and was never used outside her presence. She stated that on February 22nd, she called Ms. Saric to discuss the disposition of child's belongings and when Ms. Saric called back, she hung up on her because Ms. Saric wanted to speak with Appellant. Ms. Wood stated that Appellant never spoke with Ms. Saric on February 22, 2020. Ms. Wood also stated that *she*, not Appellant, sent the text to Ms. Saric, referring to herself in the third person so that Ms. Saric would respond. *See* N.T., at 18-25.

The court found Appellant guilty of indirect criminal contempt and immediately sentenced him to a term of two days' to six months' incarceration, with credit for time-served. Appellant filed a Post-Sentence Motion challenging the weight of the evidence and requesting a new trial. The court denied the Post-Sentence Motion on March 30, 2020, and Appellant appealed.

In the sole issue raised in his brief, Appellant alleges that the court abused its discretion in denying his request for a new trial because "the verdict was against the weight of the credible evidence and shocked one's sense of justice." Appellant's Br. at 11. He contends that Ms. Saric's testimony was

---

[3] In addition, the court admitted copies of several text messages (Comm. Exh. 1-2) and a telephone log (Def. Exh. 1).

inconsistent, her actions were not consistent with one who felt threatened, and his wife's testimony was more credible. *Id*. at 12-13. Accordingly, he concludes, he is entitled to a new trial.

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." **Commonwealth v. Talbert**, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and citation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. **Commonwealth v. Hopkins**, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. **Talbert**, **supra** at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. **See id.** at 545-46. "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." **Id.** at 546 (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the

verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.* (citation omitted).

Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* (internal quotation marks and citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

"[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014) (citation omitted). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 n.3 (Pa. 2000).

In her Rule 1925(a) Opinion, Judge Peck carefully reviewed the testimony presented to her as the fact-finder at trial and concluded that Ms. Saric's testimony was credible, and "the testimony of the defense witness, tending to exculpate [Appellant, was] not credible." Tr. Ct. Op. at 7. The court also concluded that Ms. Saric's willingness to speak with Appellant following the threat on February 22nd and her failure to report the violation

immediately to the authorities were not "dispositive of the issue of her credibility." *Id.*[4]

Appellant essentially asks us to reassess the credibility of Ms. Saric and Ms. Wood, and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record shows that the evidence is not tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence as to shock the Court's conscience. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's weight claim.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/06/2020

---

[4] The court also concluded that "in the absence of a credible defense, the evidentiary force of the prosecution's case, concededly sufficient to sustain a conviction, was left unbalanced and in that sense the verdict of guilty cannot be said to have been against the weight of the credited evidence." Tr. Ct. Op. at 7.