J-S37013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALEXANDER FLORES | : | |
| | : | |
| Appellant | : | No. 1916 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 31, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003501-2015

BEFORE:  SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    Filed: November 19, 2020

Appellant, Alexander Flores, appeals from the judgment of sentence entered on January 31, 2019, following his convictions for first-degree murder, conspiracy, firearms not to be carried without a license, carrying firearms in public in Philadelphia, and possession of an instrument of crime.[1]  Following careful review, we affirm the judgment of sentence.

The trial court set forth the following factual recitation:

> The case was not uncomplicated.  The allegations were that on the evening of December 15, 2011, a group of men, including [Appellant], were hanging out in a school parking lot on the corner of East Somerset Street and Coral Street in Philadelphia. [Appellant] was the boss of a drug organization to which the other men were connected.  The conversation turned to who owed money to [Appellant].  The exchange ended with [Appellant] handing Randy Diaz a gun and ordering Diaz to kill Juan Modesto Cruz.  Diaz in return, directed Christopher Martinez to drive him

---

[1] 18 Pa.C.S. §§ 2502(a), 903, 6106(A)(1), 6108, and 907(a), respectively.

around the block and when Diaz exited the vehicle for Martinez to wait for him, leaving the car in gear for a quick get away. Having spotted Cruz in the 2000 block of East Auburn Street, Diaz exited the vehicle, shot Cruz five times, killing him, and then jumped back in the car, fleeing the area with Martinez. Officer[s] Timothy Murphy and Toughill responded to a radio call concerning gunshots, finding Juan Cruz lying on the ground, suffering from multiple gunshots. Another responding patrol car scooped up Mr. Cruz and rushed him to the hospital. Twenty-eight days later, Cruz died of the gunshot wounds inflicted on December 11, 2011. Christopher Martinez testified that he had pled guilty to third degree murder in this case and what occurred on the night of December 11, 2011, implicating [Appellant] in the murder of December 11, 2011. Agnes Rios testified that she was the mother of Christopher Martinez and after he was arrested, she was sleeping in her own house when two men entered her bedroom, woke her up and told her she had to go outside, where she was confronted by [Appellant] who wanted a copy of the statement her son had given to the police.

Trial Court Opinion, 10/17/19, at 2-3.

The trial court set forth the following procedural history as follows:

[Appellant] was arrested on October 20, 2014, and charged with murder, conspiracy, violations of the Uniform Firearms Act and possessing an instrument of crime. [Appellant] was held for court on all of the charges following a preliminary hearing on April 4, 2015. A jury trial commenced August 22, 2016 until August 26th at which time, the sole prosecutor trying the case suffered a heart attack. Having continued the matter for a day to obtain medical confirmation of the attorney's condition, the [c]ourt considered the available alternatives and then declared a mistrial. A motion to bar re-trial on double jeopardy grounds was filed on behalf of [Appellant] on April 16, 2017, and following a hearing on May 31, 2017, denied. Timely appeal was made to the Superior Court, who affirmed on May 17, 2018. *Commonwealth v. Flores*, 1816 EDA 2017.

A second jury trial commenced on January 28, 2019, returning a verdict of guilty of murder of the first degree, criminal conspiracy, carrying firearm without a license, carrying a firearm in public in Philadelphia and possessing [an] instrument of a crime on January 31, 2019. [Appellant] was sentenced that day to life

incarceration for the first degree murder charge and a concurrent sentence of ten to twenty years for criminal conspiracy as well as two to four years on each of the violations of the Uniform Firearms Act and possessing the instruments of a crime. Post-Sentencing Motions were timely filed and denied by operation of law on June 3, 2019. On July 1, 2019, a notice of appeal was filed with the Superior Court.

Trial Court Opinion, 10/7/19, at 1-2. On July 23, 2019, the trial court ordered Appellant to file a 1925(b) statement, and Appellant filed the same on July 25, 2019.

Appellant presents the following question and subparts for our review:

1. Did the lower court err in denying [Appellant's] post-sentence motion challenging the weight of the evidence in light of:

- The favorable treatment received by witness Christopher Martinez, his obvious motive to lie, and his admission that he had previously lied under oath.

- The inconsistencies between the testimony of Commonwealth witnesses Christopher Martinez and Amanda Cooper as to:

  • whether [Appellant] gave the "greenlight" to Randy Diaz and Christopher Martinez for the murder in question
  • whether Christopher Martinez left alone in the car used in the murder or whether he was accompanied by Randy Diaz
  • whether the decedent owed money to [Appellant] or Randy Diaz
  • whether [Appellant] was giving orders to anyone on the day of the killing
  • whether [Appellant] handed a gun to Randy Diaz prior to the killing

- [Appellant's] lack of flight following the killing

- The inconsistencies between the testimony of Christopher Martinez and the testimony of Commonwealth expert, P.O.

Raymond Andrejczak, as to whether a Glock firearm was used in the killing?

Appellant's Brief at 3.

In support of his appeal, Appellant argues that the testimony of the Commonwealth's main witness was contradicted by the testimony of Amanda Cooper[2] ("Cooper") and Officer Raymond Andrejczack. Specifically, Appellant points to the fact that Cooper testified that she did not hear Appellant give the "green light" to Diaz to murder the victim. Appellant's Brief at 12. He further points to Cooper's testimony that Martinez left the parking lot alone, while Diaz walked away. *Id*. Appellant also cites Cooper's testimony that there was dispute over money between Diaz and the victim. *Id.*

Appellant discusses the conflict between the testimony of Martinez and Officer Andrejczack, wherein Martinez testified that Appellant handed Diaz a Glock firearm, but Officer Andrejczack testified that the fired cartridges found at the crime scene and recovered at the decedent's autopsy could not have been fired by a Glock. Appellant's Brief at 12. Appellant argues that the inconsistencies are "particularly pertinent" given the fact that Martinez entered into a plea agreement, hoped to avoid additional jail time for an offense he committed while on house arrest, and admitted that he had

---

[2] Amanda Cooper was an associate of Appellant, as she grew up with him. She was present on the corner of East Somerset and Coral Streets with Appellant and the other individuals at the time of the shooting. N.T., 1/29/19, at 109-112.

previously lied under oath. *Id*. Finally, Appellant posits that the fact that Appellant stayed in the area for ten minutes after the shooting is inconsistent behavior for a person who just conspired to commit murder. *Id*. at 13. In support of his argument that these "inconsistencies" required a finding that the verdict was against the weight of the evidence, Appellant relies on *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993), a case analyzing the sufficiency of the evidence presented at trial, not weight of the evidence.

Our standard and scope of review to a challenge to the weight of the evidence is well established:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is deny justice."

*Commonwealth v. Widmer*, 744 A.2d 745, 751-752 (Pa. 2000) (citations omitted).

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings

and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Id*. at 753 (citations omitted).

This court summarized the limits of discretion as follows:

The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Id*. (citations omitted).

In its opinion, the trial court found the following with regard to Appellant's weight-of-the-evidence claim:

This court applied the appropriate standards when reviewing [Appellant's] claim that the verdict was against the weight of the evidence. Having reviewed the entire record, including a thorough reading of the trial transcripts and admitted exhibits, this court concludes that the verdict was not so contrary to the evidence as to shock one's sense of justice. The evidence was not so tenuous, vague and uncertain that the verdict shocks the conscience of the court. To the contrary, the evidence in this case was compelling and substantial, and strongly supported the verdict. The co-conspirator was completely credible and his testimony substantiated by the physical evidence presented as well as the testimony of an eyewitness, Amanda Cooper, and the intimidation evidence offered by Agnes Rios.

Trial Court Opinion, 10/7/19, at 5-6.

It is well established that when reviewing a claim that a verdict is against the weight of the evidence, this Court will not substitute "our judgment for that of the factfinder, as the jury 'is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses.'" *Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa. Super. 2017). Moreover, "[a] verdict is not contrary to the weight of the evidence because of a conflict in testimony. . .." *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. 2003). Indeed, to the extent that there were any inconsistencies in the testimony, "the jury resolved the inconsistencies among the testimonies as it saw fit and reached a verdict." *Commonwealth v. Horne*, 89 A.3d 277, 286 (Pa. Super. 2014). It is clear the jury chose to credit the Commonwealth's evidence, as it was allowed to do. Our independent review of the record demonstrates that the trial court did not abuse its discretion when it determined that the verdict was consistent with the weight of the evidence and Appellant is due no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/20