J-S55024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                         :           PENNSYLVANIA
                         :

           v.               :
                         :
                         :

AMY JO SICKELSMITH          :
                         :

          Appellant    :   No. 260 WDA 2020

Appeal from the Judgment of Sentence Entered January 9, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001339-2019

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:        **FILED JANUARY 29, 2021**

Amy Jo Sickelsmith (Appellant) appeals from the judgment of sentence imposed in the Court of Common Pleas of Allegheny County after she was found guilty at her January 9, 2020 bench trial of retail theft.[1]  We affirm.

Appellant raises a single issue for our review:

> Where the biased testimony of the loss prevention officer was inconclusive and of such lesser evidentiary value that to convict [Appellant] on this testimony alone was error, did the trial court abuse its discretion in denying [Appellant's] post-sentence motion for a new trial because the verdict was against the weight of the evidence?

Appellant's Brief at 4.

The trial court recounts the underlying facts as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a)(1).

> The evidence presented at trial established that on September 30, 2018, [Appellant] came to the attention of Alden Lee, team leader of asset protection, while she was in the Target Store in Upper St. Clair. [Appellant] was at the guest services desk attempting to return items that she had taken from the sales floor. After the return was refused [Appellant] and another woman returned [to] the sales floor where [Appellant] selected items from various aisles and sections of the store and placed them in her shopping cart. Mr. Lee remained on the sales floor, keeping [Appellant] in his sight and observed [Appellant] conceal some items in her purse and proceed past the registers to the store exit into the South Hills Village mall. When the women were approached by Mr. Lee and another team member they were verbally aggressive and created a scene. Per Target policy the Target employees disengaged and contacted police. Mr. Lee testified about the specific items that were concealed and the value of those items.

Trial Ct. Op., 6/29/20, at 3-4. Appellant testified in her defense, but the trial court found the Commonwealth's evidence most credible. *Id.* at 5. The trial court imposed a sentence of eighteen months of probation. *Id.* at 1. Appellant filed a timely post-sentence motion and notice of appeal. *Id.*[2]

The gravamen of Appellant's complaint is that the Target security officer who testified against her offered the only evidence establishing that she engaged in shoplifting, as the video evidence did not capture the critical moments of her time at Target. Appellant's Brief at 14. Appellant claims that the security officer offered testimony that was both inconsistent and biased due to the nature of his job. *Id.*

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court.

_____

[2] Appellant and the trial court both complied with Pa.R.A.P. 1925.

*Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000); *Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994). A new trial should not be granted because of a mere conflict in the testimony or because a factfinder considering the same facts may have arrived at a different conclusion. *Widmer*, 744 A.2d at 752. "[T]he role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id*. at 752 (citation omitted). "[A] new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Brown*, 648 A.2d at 1189.

We are familiar with the record, establishing Appellant first attempted to scam the store by entering with no merchandise, gathering items of clothing from the sales floor, and attempting to "return" them. N.T. 1/9/20 at 13-14. Then she returned to the sales floor in full view of the security officer, who had already been alerted to her true purpose that day, and attempted to conceal several items of clothing in her purse. *Id.* at 14. She then left the store without paying for those items. *Id.* at 15. We are also familiar with Appellant's testimony that she went to the return desk not to attempt a fraudulent return, but because her friend, who was with her that day, asked her to go alone to the return desk to retrieve a bag that was being held under her friend's name. *Id.* at 47. Appellant testified that she was familiar with the date and time that her friend had been there, such that she could give the

workers at the return desk these details without consulting her friend, who was in the store but for some reason did not ask for her own bag or join Appellant at the return desk. *See id.* at 49. The trial court determined the Appellant's narrative made no sense. We see no reason to disagree with that finding.

It is not this Court's place to play Monday-morning quarterback with the trial court's credibility assessments, and for good reason – the trial judge was present as the testimony was delivered, and thus had a significantly better perspective from which to make such assessments. After a review of the record, we find no abuse of discretion by the trial judge in denying Appellant relief on her weight of the evidence claim.

Judgment of sentence affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/2021