J-S03007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CALVIN MOORE, III | : | |
| | : | |
| Appellant | : | No. 352 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 28, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0015356-2018

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 10, 2021**

Appellant, Calvin Moore, III, appeals from the Judgment of Sentence entered on January 28, 2020, following his conviction for numerous crimes related to his assaultive behavior against his mother and a neighbor who sought to intervene on her behalf.[1]  Appellant challenges the weight of the evidence introduced against him at his bench trial.  After careful review, we affirm.

The following facts, gleaned from the trial court's Pa.R.A.P. 1925(b) Opinion, are supported by the record.  On December 1, 2018, at

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant was convicted of two counts of Intimidation of Witnesses or Victims, two counts of Criminal Trespass, two counts of Terroristic Threats, three counts of Simple Assault, and one count of Harassment.  18 Pa.C.S. §§ 4952(a)(1), 3503(a)(1)(ii), 2706(a)(1), 2701(a)(1), and 2709(a)(1), respectively.

approximately 5 p.m., Appellant visited his mother, Kathy McGee, at her home located at 2131 Webster Avenue in Pittsburgh. Appellant demanded money from Ms. McGee, who had received a life insurance payment following the recent death of her husband. Their dispute turned physical when Appellant began to choke Ms. McGee as she sat on a couch. Appellant then struck her several times on her left side, dragged her off the couch by her leg, and struck her several more times on her leg.

Ms. McGee fled to the neighboring home of Erastus Andrew, who assisted her in calling the police. When the police responded, Ms. McGee described the assault upon her, and the police photographed her injuries. Although the police briefly observed Appellant inside Ms. McGee's home, he left the home before they could make contact with him.

Later that evening, at approximately 7 p.m., Appellant returned to Ms. McGee's home. She was asleep in her bedroom when Appellant woke her and said, "See, I could kill you and no one would ever know." N.T. Trial, 10/10/19, at 20. Ms. McGee again fled to Mr. Andrew's home. On this occasion, Appellant followed her, forced his way into the home, and snatched a phone away from her as she tried to call the police.

Mr. Andrew demanded the return of his phone. Appellant complied but threatened to kill Mr. Andrew if he again called the police. Appellant then departed. Mr. Andrew called the police, who responded to the scene and took statements from both Ms. McGee and Mr. Andrew.

At approximately 9:30 p.m., Appellant returned to Ms. McGee's home. After kicking at her front door, Appellant was able to gain entry into the home through the back door. Ms. McGee fled her home. Appellant chased her down the street, grabbed her and dragged her back toward the home on her knees, and struck her in the face. Several police officers responded to the scene, but did not apprehend Appellant. The police observed fresh injuries to Ms. McGee, as well as damage to the front door of her home. They arrested Appellant later that night.

This matter proceeded to a bench trial in October 2019. The Commonwealth presented testimony from Ms. McGee, Mr. Andrew, and three of the police officers involved in these incidents. Ms. McGee testified extensively about the incidents that occurred. On cross-examination, she admitted, *inter alia*, that she had suffered mental illness and drug addiction in the past, but stated that on the day of the incidents she had been taking prescribed medication only. Each police officer testified regarding their interactions with Ms. McGee and her injuries, photographs of which the court admitted.

Appellant testified on his own behalf. He conceded that he had restrained Ms. McGee but claimed that this was because her behavior was irrational and aggressive. Appellant further claimed that she sustained injuries when she fell several times, ran into walls, and was struck by a moving car. Appellant believed the injuries were serious but saw no need to call for emergency or medical assistance.

The trial court issued its verdict on October 28, 2019, finding Appellant guilty of the charges set forth above.[2] On January 28, 2020, following a pre-sentence investigation, the court sentenced Appellant to an aggregate term of 75 to 150 months of incarceration, followed by five years of probation.

Appellant timely filed a Post-Sentence Motion, in relevant part seeking a new trial based on the weight of the evidence. The trial court denied the Post-Sentence Motion. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The trial court issued a responsive Opinion.

Appellant raises the following issue:

> [Whether] the verdict [was] rendered contrary to the weight of the evidence where the complainant's testimony was unreliable[,] tenuous, contradictory, and vague as she was an admitted drug addict and suffered from mental health issues and there was no corroborative evidence establishing how she was injured[.]

Appellant's Br. at 5 (unnecessary capitalization removed; suggested answer omitted).

Appellant asserts that the trial court abused its discretion when it denied his request for a new trial. Appellant's Br. at 20. Appellant claims that his mother's inconsistent and unreliable testimony was the only evidence presented that he had committed these acts. *Id.* According to Appellant, Ms. McGee's acknowledgment that she had received treatment for mental illness

---

[2] The court acquitted Appellant of one count of Strangulation, five counts of Burglary, and one count of Simple Assault. 18 Pa.C.S. §§ 2718(a)(1), 3502(a)(1)(i) and (ii), and 2701(a)(1), respectively.

- 4 -

and drug addiction rendered her testimony so untrustworthy that the trial court should have rejected it as not credible.  *Id.* at 20-21.

"The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citation omitted).  "Issues of witness credibility include questions of inconsistent testimony and improper motive." ***Commonwealth v. Jacoby***, 170 A.3d 1065, 1080 (Pa. 2017) (citation omitted).  The fact-finder may resolve any inconsistencies in the Commonwealth's evidence as it sees fit.  *Id.*  In pursuing a claim that the verdict is contrary to the weight of the evidence, a defendant "concedes that there is sufficient evidence to sustain the verdict." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).  In reviewing a challenge to the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict winner. *Id.* at 751.

"A new trial should not be granted because of a mere conflict in the testimony[.]" ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013).  In reviewing a challenge to the weight of the evidence, the trial court will not overturn a verdict unless it is "so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Diggs***, 949 A.2d 873, 879 (Pa. 2008).

Appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the post-trial motion, "not of the underlying question of whether the verdict is against the weight of the evidence." ***Clay***, 64 A.3d

at 1055 (citations omitted; emphasis removed). We will not reverse the trial court's decision unless it has "palpably abused its discretion." *Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016) (citation omitted). The trial court's decision whether a verdict was or was not against the weight of the evidence is one of the least assailable of its rulings. *Diggs*, 949 A.2d at 879-80.

> In denying Appellant's claim, the trial court reasoned as follows:
>
> [Ms.] McGee's testimony was consistent and credible regarding [Appellant's] repeated attacks on her that day. In addition, contrary to the assertion that [her] testimony was the only evidence implicating him, [Ms.] McGee's testimony was corroborated by the testimony of the neighbor, the police officers, the photographs and the physical evidence, including the damage to the front door of [Ms.] McGee's home. In fact, as noted at the time of the verdict, portions of [Appellant's] testimony regarding the events that day were simply incredible and not worthy of belief and, therefore, there is no basis to conclude that the verdict was against the weight of the evidence.

Trial Ct. Op., 6/22/20, at 7 (internal quotation marks removed); *see also* N.T. Verdict, 10/28/19, at 2 ("I didn't find your testimony particularly credible that your mother ran into a wall and was hit by a car. It was more like incredible.").

As noted by the trial court, the testimony of several witnesses, including three police officers and a neighbor, corroborated the testimony of Ms. McGee that Appellant had harassed her and assaulted her. *See, e.g.*, N.T. Trial at 10-26 (testimony of Ms. McGee, detailing Appellant's assaultive and harassing behavior), at 34-43 (testimony of Officer Colleen Jumba, who responded to the first and third incident, took a statement from Ms. McGee after the first

incident, and photographically documented her injuries), at 45-50 (testimony of Mr. Andrew, who witnessed Appellant's assaultive behavior during the second incident), at 56-59 (testimony of Officer Vincent Gelpli, who responded to the second incident, who observed Ms. McGee and took statements from her and Mr. Andrew), 60-64 (testimony of Officer Gary Zimmerman, who responded to the third incident, observed fresh injuries to Ms. McGee and damage to her front door). In addition, physical evidence and photographic evidence documenting Ms. McGee's injuries further support this testimony. *Id.* at 36-40 (admitting photographic evidence documenting Ms. McGee's injures), 63-64 (testimony of Officer Zimmerman, corroborating Ms. McGee's testimony that Appellant had attempted to force entry into her home and damaged the front door).

The trial court, sitting as the finder of fact, was in the best position to assess the credibility of these witnesses' testimony and to resolve any inconsistencies as it saw fit. After a thorough review of the evidence in this case, the briefs of the parties, the applicable law, and the trial court's reasoning, we discern no palpable abuse of the trial court's discretion in denying Appellant's challenge to the weight of the evidence. For these reasons, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2021